## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>             Plaintiff,<br>v.<br><br>UNITED STATES DEPARTMENT<br>OF HOMELAND SECURITY,<br>Office of the General Counsel<br>245 Murray Lane SW<br>Mailstop 0485<br>Washington, DC 20528,<br><br>          Defendant. | )<br>)<br>)<br>)   Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant United States Department of Homeland Security to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.    The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.    Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff

regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American

public to inform them about "what their government is up to."

4.      Defendant United States Department of Homeland Security is an agency of the

United States Government and is headquartered at 245 Murray Lane SW, Washington, DC

20528.  Defendant has possession, custody, and control of records to which Plaintiff seeks

access.

## STATEMENT OF FACTS

5.      For years, Plaintiff has regularly monitored expenditures of U.S. Government

funds on VIP travel.  As part of this on-going monitoring, Plaintiff has served numerous FOIA

requests on the United States Secret Service ("Secret Service"), a component of Defendant,

seeking access to records about U.S. Government funds expended on travel by the President,

members of the First Family, and other VIPs receiving Secret Service protection.  Secret Service

records typically include records of expenses incurred for ground transportation, lodging, meals,

and other related costs for the VIP and accompanying Secret Service detail.  Plaintiff also

regularly serves FOIA requests on the United States Air Force and other agencies for records

about federally-funded, VIP travel.  United States Air Force records reflect the cost of air travel.

6.      Plaintiff typically analyzes the records it receives in response to its requests and

issues reports on its findings.  *See, e.g.*, Press Release, "Documents Show $200,383 in Taxpayer

Expenses for Obama's Denver Fundraising Trip" (Dec. 30, 2014); Press Release, "Judicial

Watch Obtains Records Revealing $937,487.94 in Security Expenses for Obamas' 2013

Vacations to Honolulu and Aspen" (Oct. 7, 2014); Press Release, "Judicial Watch Obtains

Documents:  Secret Service Tab for Obama Family 2013 Africa Trip Cost Taxpayers

$2,189,727.60 for Lodging, Entertainment, and Security" (May 29, 2014); Press Release, "Obama, Biden Presidents' Day Weekend Vacation Cost Taxpayers $295,437 According to Records Obtained by Judicial Watch" (Jan. 23, 2014); Press Release, "Malia Obama's Trip to Mexico: $115,500.87" (Dec. 6, 2012). Plaintiff also typically provides links to where the records may be reviewed on Plaintiff's website.

7.    The Secret Service regularly fails to issue determinations in response to Plaintiff's VIP, travel-related FOIA requests within the time period required by FOIA, causing Plaintiff to bring suit in order to obtain the requested records. These lawsuits include the following: (1) *Judicial Watch, Inc. v. U.S. Secret Service*, Case No. 12-1562 (BAH) (D. District of Columbia) (filed Sept. 20, 2012); (2) *Judicial Watch, Inc. v. U.S. Secret Service*, Case No. 13-0647 (ESH) (D. District of Columbia) (filed May 6, 2013); (3) *Judicial Watch, Inc. v. U.S. Secret Service*, Case No. 13-0950 (KBJ) (D. District of Columbia) (filed June 21, 2013); (4) *Judicial Watch, Inc. v. U.S. Secret Service*, Case No. 14-0046 (RLW) (D. District of Columbia) (filed Jan. 13, 2014); and (5) *Judicial Watch, Inc. v. U.S. Secret Service*, Case No. 14-1732 (BAH) (D. District of Columbia) (filed Oct. 16, 2014).

8.    In November 2015, Plaintiff was forced to bring suit in order to obtain records for 19 travel-related FOIA requests submitted by Plaintiff over the period of a year in which the Secret Service had failed to issue determinations within the time period required by FOIA. *Judicial Watch, Inc. v. U.S. Department of Homeland Security*, Case No. 15-01983 (RJL) (D. District of Columbia) (filed November 10, 2016).

9.    Since that time, Plaintiff has submitted 5 additional travel-related FOIA requests. Similar to all of Plaintiff's requests submitted as part of its on-going monitoring of federally-funded, VIP travel, Plaintiff's requests were identical or nearly identical but for the name of the

VIP and the date and/or destination of the travel. Plaintiff's travel-related FOIA requests seek: "All records concerning use of U.S. Government funds to provide security and/or any other services to [name of VIP] and any other companions on their [date] trip to [location]."

10.     The Secret Service has not made a determination on any of the 5 travel-related FOIA requests submitted by Plaintiff over the past 6 months.

11.     The Secret Service acknowledged receipt and assigned a tracking number to four of Plaintiff's requests. Plaintiff has received no acknowledgment of the last request, submitted March 28, 2016. According to Plaintiff's facsimile transmission report, Defendant received the last FOIA request by facsimile on March 28, 2016 at 8:06 a.m. U.S. Postal Service tracking information shows the request, sent via Certified Mail # 70153430000049131764, was delivered to the Secret Service on April 1, 2016 at 11:07 a.m. The Secret Service has otherwise failed to issue a determination on whether to comply with any of the requests, produce responsive records, or demonstrate that responsive records were exempt from production under one or more of FOIA's exemptions.

12.     The chart attached hereto as Exhibit A and incorporated herein by reference sets forth, with respect to each request:  (1) the date the request was sent; (2) the date of any acknowledgment letter; (3) the tracking number assigned to the request by the Secret Service; (4) the date of any further communication; and (5) the identity of the VIP, the date of travel, and the location of the travel.

13.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the Secret Service was required to determine whether to comply with each request within twenty (20) working days of receipt and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.

14.     As of the date of this Complaint, the Secret Service has failed to: (i) determine

whether to comply with each request; (ii) notify Plaintiff of any such determination or the

reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv)

produce the requested records or otherwise demonstrate that the requested records are exempt

from production.

15.     Because the Secret Service has failed to comply with the time limit set forth in

5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative

remedies with respect to its requests, pursuant to 5 U.S.C. § 552(a)(6)(C).

16.     As a result of the Secret Service's failure to make a determination on Plaintiff's

travel-related FOIA requests, Plaintiff has been prevented from gathering complete records of

federally-funded, VIP travel, and Plaintiff's reports about federally-funded, VIP travel have been

incomplete. *See*, *e.g.*, Press Release, "Judicial Watch Obtains Records Revealing Obama's

February, March 2015 Golf Vacations and Fundraisers Cost Taxpayers $4,436,245.50 in Travel

Expenses Alone" (Oct. 15, 2015) (noting Secret Service's failure to produce requested

information regarding security costs); Press Release, "Records Reveal Michelle Obama's June

Trip to UK, Italy Cost Taxpayers $240,495.67 in Flight Expenses Alone" (Aug. 20, 2015)

(noting Secret Service's failure to respond to request for attendant costs for personnel,

accommodations, meals, rental cars, and related expenses); Press Release, "Judicial Watch:

Records Reveal Michelle Obama's 2014 Trip to China Cost Taxpayers More Than $360,000 in

Air Transportation Expenses Alone" (same);  Press Release, "Judicial Watch:  Air Force Records

Show Obama's Single-Day Earth Day Trip to Florida Everglades Cost Taxpayers $866,615.40 in

Flight Expenses Alone" (noting Secret Service's failure to produce records regarding security

costs); Press Release, "Records Obtained By Judicial Watch Reveal Michelle Obama's Weekend

Ski Trip in February Cost More Than $57,000 in Transportation Expenses Alone" (May 5, 2015) (noting that costs for Secret Service personnel, accommodations, meals, rental cars, etc. are not included).

17.     Plaintiff intends to continue submitting identical or nearly identical, travel-related FOIA requests to the Secret Service as part of its on-going efforts to educate and inform the public about "what their government is up to" and promote transparency, integrity, and accountability in government and fidelity to the rule of law.

### COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

18.     Plaintiff realleges paragraphs 1 through 17 as if fully stated herein.

19.     Defendant is violating FOIA by failing to conduct a search reasonably calculated to uncover all records responsive to each of Plaintiff's requests and is unlawfully withholding records responsive to each request.

20.     With respect to each individual request, Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply fully with FOIA.

### COUNT II
### (Violation of FOIA, 5 U.S.C. § 552)

21.     Plaintiff realleges paragraphs 1 through 20 as if fully stated herein.

22.     On information and belief, Defendant has a policy and practice of violating FOIA's procedural requirements in connection with the processing of Plaintiff's FOIA requests and, in particular, of regularly failing or refusing to produce requested records or otherwise

demonstrate that requested records are exempt from production within the time period required by FOIA or at least within a reasonable period of time.

23.     Plaintiff is being irreparably harmed by reason of Defendant's unlawful policy and practice and will continue to be irreparably harmed unless Defendant is compelled to comply fully with FOIA's procedural requirements.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to each request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to each request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to each request; (4) enjoin Defendant from failing or refusing to produce all non-exempt records responsive to Plaintiff's FOIA requests or otherwise demonstrate that requested records are exempt from production within the time period required by FOIA or at least within a reasonable period of time; (5) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (6) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  May 6, 2016                                      Respectfully submitted,

                                                         */s/ Lauren M. Burke*
                                                         Lauren M. Burke
                                                         D.C. Bar No. 1028811
                                                         JUDICIAL WATCH, INC.
                                                         425 Third Street SW, Suite 800
                                                         Washington, DC 20024
                                                         (202) 646-5172

                                                         *Counsel for Plaintiff*

## EXHIBIT A

| No. | Date of Request | Date of Acknowledgment Letter | Tracking Number | Further Communication | VIP and Travel Date and/or Location |
|---|---|---|---|---|---|
| 1 | October 13, 2015 | October 30, 2015 | 20160177 | No | Pres. Obama's October 2015 Trip to San Diego, CA |
| 2 | January 4, 2016 | February 9, 2016 | 20160522 | No | Pres. Obama's December 2015-January 2016 Trip to Honolulu, HI |
| 3 | January 6, 2016 | February 9, 2016 | 20160523 | No | Pres. Obama's December 2015 Trip to Paris, France for UN Climate Change Conference |
| 4 | February 18, 2016 | March 31, 2016 | 20160740 | No | First Lady Michelle Obama's February 2015 Trip to Aspen, CO |
| 5 | March 28, 2016 | No | None | No | Pres. Obama's March 2016 Trips to Cuba and Argentina |