**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br><br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br><br>Defendant. | Civil Action No. 16-cv-00863(RJL) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S
PARTIAL MOTION TO DISMISS PLAINTIFF'S "POLICY AND PRACTICE" CLAIM**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................. 1

      A.     Statutory Framework ................................................................. 1

      B.     Plaintiff's Complaint and Procedural Posture............................................ 2

ARGUMENT. ................................................................................................................. 3

    I.     LEGAL STANDARD............................................................................... 3

    II.    PLAINTIFF'S "POLICY AND PRACTICE" CLAIM FAILS TO STATE
         A CLAIM UPON WHICH RELIEF CAN BE GRANTED ................................... 3

      A.     Plaintiff Has Not Pled A Factual Basis For Its Policy And Practice
           Claim.................................................................................................... 3

      B.     Plaintiff Has Not Pled The Type Of Egregious Policy And Practice
           Claim Recognized By Payne Enterprises .................................................. 5

CONCLUSION.................................................................................................................. 9

## **TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Holder*,
  691 F. Supp. 2d 57 (D.D.C. 2010) .......................................................... 3

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................... 3, 4

*Cohen v. United States*,
  650 F.3d 717 (D.C. Cir. 2011) ............................................................ 8

*Competitive Enter. Inst. v. EPA*,
  No. CV 15-0346 (ABJ), 2016 WL 355067 (D.D.C. Jan. 28, 2016)..................... 6, 7

*CREW v. FEC*,
  711 F.3d 180 (D.C. Cir. 2013) ........................................................... 6, 7

*Del Monte Fresh Produce N.A., Inc. v. United States*,
  706 F. Supp. 2d 116 (D.D.C. 2010) ...................................................... 7

*Elec. Privacy Info. Ctr. v. DOJ*,
  15 F. Supp. 3d 32 (D.D.C. 2014) ......................................................... 7

*In re United Mine Workers of Am. Emp. Benefit Plans Litig.*,
  854 F. Supp. 914 (D.D.C. 1994) .......................................................... 3

*Long v. IRS*,
  693 F.2d 907 (9th Cir. 1982)............................................................... 5

*Mutitt v. Dep't of State*,
  926 F. Supp. 2d 284 (D.D.C. 2013) ...................................................... 4

*Newport Aeronautical Sales v. Dep't of Air Force*,
  684 F.3d 160 (D.C. Cir. 2012) ............................................................ 6

*Nkihtaqmikon v. Bureau of Indian Affairs*,
  601 F. Supp. 2d 337 (D. Me. 2009) ...................................................... 7

*Norton v. S. Utah Wilderness Alliance*,
  542 U.S. 55 (2004) ......................................................................... 4

*Nulankeyutmonen Nkihtaqmikon v. Bureau of Indian Affairs*,
  493 F. Supp. 2d 91 (D. Me. 2007) ....................................................... 7

*\*Payne Enterprises, Inc. v. United States*,
  837 F.2d 486 (D.C. Cir. 1988) ................................................... *passim*

*Richards v. Delta Air Lines, Inc.*,
  453 F.3d 525 (D.C. Cir. 2006) ............................................................ 8

*Rocky Mountain Wild, Inc. v. U.S. Forest Serv.*,
  No. 15-CV-0127-WJM-CBS, 2016 WL 362459 (D. Colo. Jan. 29, 2016)........... 6, 8

**Statutes**

5 U.S.C. § 552............................................................................... 1

5 U.S.C. §552(a)(4)(C) ........................................................................................................... 8

5 U.S.C. §552(a)(4)(E)(i)......................................................................................................... 8

5 U.S.C. § 552(a)(6)(C)(i)........................................................................................................ 2

Pub. L. No. 110-175................................................................................................................ 8

**Rules**

Fed. R. Civ. P. 65(d) ............................................................................................................... 6

# INTRODUCTION

This is a Freedom of Information Act ("FOIA") case in which Plaintiff seeks records from the Secret Service about federal funds expended on travel by the President, First Lady, and others.  Five such FOIA requests are at issue in this case.  Plaintiff designated this case as related to *Judicial Watch, Inc. v. U.S. Department of Homeland Security,* No. 1:15-cv-01983-RJL (D.D.C.) ("Case No. 1"), involving 19 of the same type of travel-related FOIA requests submitted by Plaintiff to the Secret Service.  In both cases, Plaintiff also alleges that the Secret Service has a "policy and practice" of failing to respond timely to Plaintiff's travel-related FOIA requests based on the agency's regularly failing to respond to Plaintiff's requests within the time period required by FOIA.  However, routine agency delays in responding to FOIA requests – all that is alleged here – do not rise to the level of a cognizable "policy and practice" claim, as Defendant U.S. Department of Homeland Security ("DHS") argued in seeking judgment on the pleadings on this claim in Case No. 1 (currently pending).  Because Plaintiff pleads the exact same claim here, based on the five additional travel-related FOIA requests, DHS moves to dismiss that claim for the same reasons it sought to dismiss Plaintiff's "policy and practice" claim in Case No. 1.

# BACKGROUND

A.    Statutory Framework

The Freedom of Information Act provides a means for the public to access federal government records, subject to certain exemptions.  5 U.S.C. § 552.  An agency generally must determine within 20 days after receipt of a properly submitted FOIA request "whether to comply with such request."  *Id*. § 552(a)(6)(A)(i).[1]  The FOIA directs that, if an agency fails to

---

[1] The FOIA permits an agency to extend this 20-day deadline by no more than 10 days in

make a determination within 20 days, a requestor "shall be deemed to have exhausted his

administrative remedies with respect to such request."  5 U.S.C. § 552(a)(6)(C)(i).  The statute

does not suggest any other consequences for an agency's failure to make a determination within

20 days.  Rather, the 20-day timeline – and an agency's failure to meet that timeline – sets forth

a condition that must be met before a court may exercise or retain jurisdiction over the

underlying FOIA claim.

        B.     <u>Plaintiff's Complaint and Procedural Posture</u>

Plaintiff alleges the same two claims in Case No. 1 and the instant case:  (1) that DHS

unlawfully withheld records responsive to its travel-related FOIA requests, and (2) that DHS

"has a policy and practice of violating FOIA's procedural requirements in connection with the

processing of Plaintiff's FOIA requests and, in particular, of regularly failing or refusing to

produce requested records or otherwise demonstrate that requested records are exempt from

production within the time period required by FOIA or at least within a reasonable period of

time."  Case No. 1 Complaint ¶ 22; instant case Complaint ¶ 22.

At issue in this case are five travel-related FOIA requests sent to the Secret Service

since October 2015, on which Plaintiff claims the Secret Service has failed to make a

determination.   In Case No. 1, DHS produced all non-exempt records responsive to the 19

FOIA requests during the course of the litigation, and Plaintiff did not challenge that production

or the withholding of any information.  *See* Joint Motion to Vacate Summary Judgment

Briefing Schedule, Case No. 1, ECF No. 17, at 2 ¶ 5.  DHS intends to produce all non-exempt

---

"unusual circumstances."  *Id.* § 552(a)(6)(B)(i).

records responsive to the instant case by June 30, 2016.[2]

## ARGUMENT

## I.    LEGAL STANDARD

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain

sufficient factual matter, acceptable as true, to state a claim to relief that is plausible on its face."

*Anderson v. Holder*, 691 F. Supp. 2d 57, 61 (D.D.C. 2010).  A court considering a Rule 12(b)(6)

motion "must construe the complaint in the light most favorable to the plaintiff and must accept

as true all reasonable factual inferences drawn from well-pleaded factual allegations."  *In re*

*United Mine Workers of Am. Emp. Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994).

However, where the well-pleaded facts do not permit a court, drawing on its "judicial experience

and common sense[,]" to infer more than the "mere possibility of misconduct," the complaint

fails to show entitlement to relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## II.   PLAINTIFF'S "POLICY AND PRACTICE" CLAIM FAILS
##        TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

"Policy and practice" claims in FOIA, also referred to as "pattern and practice" claims,

are a narrow exception to the principle that FOIA lawsuits must be litigated based on individual

FOIA claims (and that such claims are moot once the requested documents are provided).  *See*

*Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988).  Plaintiff's policy

and practice claim fails to fit within this narrow exception.

### A.    Plaintiff Has Not Pled A Factual Basis For Its Policy And Practice Claim

A complaint must contain sufficient factual allegations to state a claim that is "plausible

---

[2] The Secret Service has already provided Plaintiff with all non-exempt records in response to
three of the five travel-related FOIA requests.  One of Plaintiff's five requests failed to identify
the person whose travel-related cost information Plaintiff sought.  The Secret Service requested
clarification on that request and Plaintiff clarified on June 2, 2016.

on its face." *Ashcroft v. Iqbal*, 556 U.S. at 678.  A complaint satisfies the plausibility standard

when the "factual content . . .  allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id*.  "Plausibility" requires "more than a sheer

possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are

"merely consistent with" liability "stops short of the line between possibility and plausibility of

entitlement to relief." *Id.*  Furthermore, "[t]o state a claim for relief under the 'policy or

practice' doctrine articulated in *Payne* . . . a plaintiff must allege . . . facts establishing that the

agency has adopted, endorsed, or implemented some policy or practice that constitutes an

ongoing 'failure to abide by the terms of the FOIA.'" *Mutitt v. Dep't of State*, 926 F. Supp. 2d

284, 293 (D.D.C. 2013) (quoting *Payne Enterprises*, 837 F.2d at 491).  *See also Norton v. S.*

*Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (requirement of a failure to act claim under

the Administrative Procedure Act is a showing that the agency acted pursuant to a discrete, and

identifiable, policy or practice, which threatens to cause the plaintiff continuing injury).

　　　Plaintiff failed to plead a factual basis for its policy and practice claim.  Plaintiff alleged

that DHS has a "policy and practice" of failing to respond to Plaintiff's FOIA requests within

the statutory timeframe or a reasonable time thereafter, but that is a legal conclusion that is

devoid of any facts about what the alleged policy and practice is.  "While legal conclusions can

provide the framework of a complaint," they are insufficient standing alone and "must be

supported by factual allegations." *Iqbal*, 556 U.S. at 679.  Plaintiff did not allege any facts

about why DHS did not timely respond to Plaintiff's FOIA requests, just that it did not do so

for five of Plaintiff's FOIA requests.  As DHS noted in its motion for judgment on the

pleadings in Case No. 1, that outcome could be due to a host of causes, including simply the

lack of resources to deal with a large number of FOIA requests, as opposed to any policy or

4

practice to delay responding to FOIA requests and intentionally violate the FOIA.[3]  Plaintiff's

failure to plead a factual basis for its policy and practice claim requires the claim's dismissal.

      B.      Plaintiff Has Not Pled The Type Of Egregious Policy And Practice Claim
              Recognized By *Payne Enterprises*

      Plaintiff has not only failed to plead any agency conduct to support its legal conclusion

of a policy and practice, it has failed to plead the type of egregious agency conduct that would

support a policy and practice claim under the narrow exception carved out in *Payne Enterprises*

to the general rule that FOIA claims become moot once the documents are provided.

      *Payne Enterprises* itself involved a situation where officers at Air Force bases refused to

provide responsive records to a FOIA requester, "perfunctorily" invoking FOIA exemptions 4

and 5.  When on appeal, the Secretary of the Air Force ordered disclosure of the records because

the exemptions did not apply, but the officers continued to refuse to provide the records, thereby

necessitating further administrative appeals.  *Payne Enterprises*, 837 F.2d at 487.  *See also Long

v. IRS*, 693 F.2d 907, 908, 910 (9th Cir. 1982) (agency's longstanding refusal to produce

requested records, despite its concession that no FOIA exemptions applied, supported policy and

practice claim).

---

[3] In opposing DHS's motion for judgment on the pleadings in Case No. 1, Plaintiff admitted that
it "does not know why DHS does not respond to its FOIA requests within the 20-day statutory
timeframe.  It certainly could be any one of the hosts of reasons suggested by Defendant."  Pl.'s
Opp'n, ECF No. 14, at 6.  DHS also submitted a declaration in response to Plaintiff's motion for
discovery in that case, establishing that the reason why the Secret Service did not respond to
Plaintiff's 19 FOIA requests within the statutory timeframe was that the FOIA office was
processing other FOIA requests ahead of Plaintiff's in line, and that the FOIA office, which had
a backlog of 791 FOIA requests in fiscal year 2015 alone, does not have the resources to respond
to all FOIA requests within the statutory timeframe.  *See* Declaration of Kim E. Campbell,
Special Agent in Charge, Freedom of Information Act/Privacy Act Officer, United States Secret
Service, ECF No. 16-1, at ¶¶ 12-14.  The declaration also explained that Plaintiff's FOIA
requests are time-consuming and laborious to respond to, and that when a requester files a
lawsuit to obtain the requested records, the Secret Service typically moves that request ahead of
other pending requests because of the possibility of court-ordered deadlines.  *Id.* at ¶¶ 11, 14.

Courts have made clear that *Payne Enterprises* is limited to egregious cases involving unlawful practices, not routine agency delays in responding to FOIA requests. *See, e.g.*, *Newport Aeronautical Sales v. Dep't of Air Force*, 684 F.3d 160, 164 (D.C. Cir. 2012) (mootness was avoided under *Payne Enterprises* where plaintiff alleged continuing injury from allegedly unlawful policy of denying FOIA requests for certain data and requiring requester to seek the data under the restrictive terms of Defense Department directive). In *Rocky Mountain Wild, Inc. v. U.S. Forest Serv.*, No. 15-CV-0127-WJM-CBS, 2016 WL 362459, at *11–12 (D. Colo. Jan. 29, 2016), the court rejected the very policy and practice claim as Plaintiff asserts here. Rocky Mountain Wild, having submitted a number of FOIA requests over the past decade, accused the Forest Service of repeatedly failing to meet the 20-day statutory timeframe, and alleged a pattern and practice of not complying within FOIA's statutory timeframe until litigation is filed. Relying on the D.C. Circuit's decision in *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013), the court recognized that the remedy for an agency's failure to make a determination on a FOIA request within 20 days is the right to sue. Thus, the failure to make a determination within 20 days—"even a repeated failure"—"is not properly comparable to the behavior exhibited in *Long* and *Payne* [*Enterprises*], where the agencies continually and intentionally invoked spurious reasons for nondisclosure." 2016 WL 362459, at *11.[4]

Similarly, the court in *Competitive Enter. Inst. v. EPA*, No. CV 15-0346 (ABJ), 2016 WL 355067 (D.D.C. Jan. 28, 2016), dismissed a "pattern or practice" claim based on an

_____

[4] The *Rocky Mountain Wild* court also noted that the remedy requested was another weakness in Rocky Mountain Wild's pattern or practice claim. The requested remedy was an injunction against the pattern or practice of failing to provide timely access to agency records. But, the court noted, FOIA already requires agencies to make records "promptly available." Thus, the requested remedy would be tantamount to an injunction to obey the law, which does not satisfy Fed. R. Civ. P. 65(d). 2016 WL 362459, at *12. So too here, where Plaintiff seeks an injunction requiring DHS to produce all non-exempt records responsive to Plaintiff's FOIA requests "within a reasonable period of time." Compl., Prayer for Relief.

agency's "slow-walking" FOIA requests submitted by plaintiff or its counsel.  2016 WL

355067 at *4.  The court found the circumstances to not be analogous to *Payne Enterprises*,

"where agency officials withheld records from a requester even after the withholding had been

found to be unlawful."  *Id.* at *5*; see also* 2016 WL 355067 at *7 ("plaintiff has not pointed the

Court to anything in the record that would give rise to a *Payne Enterprises* concern about the

existence of an illegal practice that would impair plaintiff's access to records in the future");

*see also Del Monte Fresh Produce N.A., Inc. v. United States*, 706 F. Supp. 2d 116, 120

(D.D.C. 2010) ("*Payne Enterprises* regards the repeated denial of Freedom of Information Act

requests based on the invocation of inapplicable statutory exemptions rather than delay of an

action over which the agency had discretion."); *Nulankeyutmonen Nkihtaqmikon v. Bureau of

Indian Affairs,* 493 F. Supp. 2d 91, 115 (D. Me. 2007) (dismissing pattern and practice claim

where plaintiff's FOIA request remained unresolved for over two years because "the situation

presented here simply does not amount to the egregious circumstances in *Payne Enterprises*"),

*motion for relief from judgment granted sub nom. Nkihtaqmikon v. Bureau of Indian Affairs*,

601 F. Supp. 2d 337 (D. Me. 2009).

Accordingly, Plaintiff's policy and practice claim, based on unexplained delay in

responding to FOIA requests, does not fit within the *Payne Enterprises* exception to mootness.

Implicit in the *CREW* court's decision is the recognition that agencies often cannot meet the 20-

day statutory timeframe and that when it is not met, FOIA allows the requester to proceed to

court to obtain the records.  *See CREW*, 711 F.3d at 189 ("[I]t would be a practical impossibility

for agencies to process all [FOIA] requests completely within twenty days"); *see also Elec. Priv.

Info. Ctr. v. DOJ*, 15 F. Supp. 3d 32, 42 (D.D.C. 2014) ("*CREW* also clearly recognizes that the

20-day determination deadline is not always practicable, and it explains what happens when that

deadline is not met: in such circumstance, the FOIA requestor is deemed to have exhausted his

administrative remedies and can proceed immediately to federal court.").  While the 20-day

statutory timeframe sets forth a requirement, the statutory scheme instructs that a violation of

it—even a repeated violation—"is not properly comparable to the behavior exhibited in *Long*

and *Payne* [*Enterprises*] . . . ."  *Rocky Mountain Wild*, 2016 WL 362459, at *11.

The remedy provided under FOIA to file suit in court provides an additional reason to

reject Plaintiff's policy and practice claim as a matter of law:  it is inconsistent with the well-

settled principle that equitable relief only is appropriate in the absence of an adequate remedy at

law.  *See Cohen v. United States*, 650 F.3d 717, 738 n.2 (D.C. Cir. 2011) (dissenting opinion)

("[A] bedrock principle of the American legal system [is that] [e]quitable relief is not available

when there is an adequate remedy at law."); *Richards v. Delta Air Lines, Inc.*, 453 F.3d 525,

531 n.6 (D.C. Cir. 2006) ("The general rule is that injunctive relief will not issue when an

adequate remedy at law exists.").  Here, an adequate remedy exists:  ordinary FOIA litigation is

fully capable of resolving Plaintiff's disputes in individual cases involving its FOIA requests.[5]

Accordingly, if the Secret Service failed to meet the 20-day timeline with respect to Plaintiff's

FOIA requests, the appropriate remedy for Plaintiff would be targeted lawsuits in federal

district court, seeking judicial supervision over its specific requests – just like the claim set

forth in Count I of  Plaintiff's Complaint.  Because an adequate remedy exists, Plaintiff's policy

---

[5] Indeed, the FOIA has several provisions that facilitate individual lawsuits.  It gives federal agencies only 30 days to respond to a complaint (rather than the 60 days otherwise permitted under the Federal Rules).  *See* 5 U.S.C. §552(a)(4)(C).  It applies the "catalyst" doctrine to attorneys' fee eligibility, for the benefit of plaintiffs.  *See* 5 U.S.C. §552(a)(4)(E)(i).  And, FOIA attorneys' fees awards no longer are paid from the Judgment Fund, and instead must be paid by the agency directly.  *See* 2007 Open Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524 § 4.  Thus, the remedy for failure to comply with FOIA time periods may include both an expedited lawsuit, and a greatly enhanced possibility of fees payable from the agency's own budget.

and practice claim should be dismissed.

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that the Court grant its

Partial Motion to Dismiss, and dismiss with prejudice Count II of the Complaint.

Dated:  June 13, 2016                              Respectfully submitted,

                                                  BENJAMIN C. MIZER
                                                  Principal Deputy Assistant Attorney General

                                                  MARCIA BERMAN
                                                  Assistant Director, Federal Programs Branch

                                                  /s/ Kenneth E. Sealls
                                                  KENNETH E. SEALLS, D.C. Bar #400633
                                                  Trial Attorney
                                                  U.S. Department of Justice
                                                  Civil Division, Federal Programs Branch
                                                  20 Massachusetts Ave., N.W., Rm. 6136
                                                  Washington, D.C. 20530
                                                  (202) 305-1953 (telephone)
                                                  (202) 616-8460 (facsimile)
                                                  Kenneth.Sealls@usdoj.gov

                                                  Counsel for Defendant